S92A1477. COLLINS v. COLUMBUS FOUNDRIES, INC.

(425 SE2d 281)

SEARS-COLLINS, Justice.

In this action brought by a taxpayer, Columbus Foundries, Inc., the appellee, for the refund of sales and use taxes paid, the trial court denied without explanation the motion to dismiss filed by the appellant, Marcus E. Collins, Sr., Commissioner of the Georgia Department of Revenue (the "Department"). We granted the appellant's application for interlocutory appeal to determine whether the claim for re-

fund is barred by the applicable statute of limitation. We find that this action is barred by the limitation period established in OCGA § 48-2-35 (b) (5), and we reverse the trial court's refusal to grant the motion to dismiss.

On February 17, 1988, the appellee filed with the Department a claim for the refund of certain sales and use taxes paid by the company between January 1, 1986, and September 19, 1986, pursuant to the refund provisions of OCGA § 48-2-35. In a letter dated April 14, 1988, the Department informed the appellee that the claim for refund had been considered, and denied due to the lack of necessary documentation. On February 8, 1989, the appellee wrote the Department, and supplied the Department with additional information about the claim. In a letter dated March 8, 1989, the Department informed the appellee that the items on which the appellee paid sales tax did not qualify for the exemption which the appellee claimed. In response to further communication, by telephone, from the appellee, the Department wrote the appellee a letter dated March 16, 1989, again informing the appellee that the claim was denied and that the taxes in question did not qualify for the claimed exemption. The appellee filed suit to recover the refund on December 26, 1990.

According to OCGA § 48-2-35 (b) (5),

[n]o action or proceeding for the recovery of a refund under this Code section shall be commenced . . . after the expiration of two years from the date the claim is denied. The two-year period prescribed in this paragraph for filing an action for refund shall be extended for such period as may be agreed upon in writing between the taxpayer and the commissioner during the two-year period or any extension thereof.

The appellee argues that the April 14, 1988, denial of the claim was an "initial" denial, that subsequent communication between the appellee and the department "reopened" the claim, and that the limitation period did not begin until the "final" denial, which occurred in the letter dated March 16, 1989. Therefore, argues the appellee, the December 26, 1990, suit was filed less than two years after the denial and within the limitation period.

OCGA § 48-2-35 (b) (5) clearly states that no action for a refund may be filed more than two years after the date a claim is denied. We find nothing tentative or "initial" about the April 14, 1988, denial of the appellee's claim. The fact that the claim was denied on that date for lack of documentation, as opposed to for some other reason, did not make it any less denied. The fact that there was subsequent communication between the appellee and the Department regarding the

merits of the claim, in which the Department reaffirmed its denial of the claim, did not extend the limitation period. Pursuant to the plain and unambiguous language of the statute, a written agreement with the Department was necessary to extend the limitation period. Since the statute of limitation precluded the bringing of any action after April 14, 1990, the suit filed on December 26, 1990, was not timely. Therefore, the trial court erred in refusing to grant the Department's motion to dismiss.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Michael J. Bowers, Attorney General, David A. Runnion, Daniel M. Formby, Senior Assistant Attorneys General,* for appellant.
*Jeffrey L. Hersh,* for appellee.